| | |
|---|---|
| RODNEY LAMONT GREENFIELD, ) ) Plaintiff, ) ) vs. ) ) FNU HERNANDEZ, et al., ) ) Defendants. ) _____ ) | **ORDER** |

**THIS MATTER** is before the Court on initial review of the pro se Complaint [Doc. 1]. He has also filed a Motion for Preliminary Injunction and Motion for Temporary Restraining Order [Doc. 10]. The Plaintiff is proceeding in forma pauperis. [Doc. 6].

**I.  BACKGROUND**

The pro se Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Alexander Correctional Institution.[1] He asserts violations of the Eighth and Fourteenth Amendments of the U.S. Constitution.[2] [Doc. 1 at 5]. He names as

---

[1] The Plaintiff is presently incarcerated at the North Carolina Central Prison.

[2] The Complaint is also liberally construed as raising a First Amendment retaliation claim.

Defendants in their individual and official capacities: FNU Hernandez, a correctional officer; FNU Herald and John Doe, correctional sergeants; and Alex Troy Morrison, the facility intelligence officer. He seeks a jury trial, compensatory and punitive damages, and any other relief that the jury deems fit. [Doc. 1 at 8].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a

district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION[3]

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

#### A. Parties

The Complaint contains allegations addressing individuals who are not named as defendants. [See, e.g., Doc. 1 at 6 (referring to "unit correctional officers" and "staff")]. These claims cannot proceed. See generally Fed. R. Civ. P. 10(a) (requiring the title of the complaint to name all parties); see, e.g., Shine v. Charlotte Mecklenburg Police Dep't, No. 3:17-cv-306-FDW, 2018 WL 2943456 (W.D.N.C. June 12, 2018) (dismissing as nullities the allegations against individuals not named as defendants in the caption as required by Rule 10(a)). Accordingly, these claims are dismissed without prejudice.

---

[3] The claims have been liberally construed, restated and renumbered. Any claim or argument not specifically addressed in this Order has been considered and rejected.

3

The Plaintiff also purports to sue Defendants, who are state officials, in their individual and official capacities. However, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Because a state is not a "person" under § 1983, state officials acting in their official capacities cannot be sued for damages thereunder. Allen v. Cooper, No. 1:19-cv-794, 2019 WL 6255220, at *2 (M.D.N.C. Nov. 22, 2019). Furthermore, the Eleventh Amendment bars suits for monetary damages against the State of North Carolina and its various agencies. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003). As such, the Plaintiff's claims for damages against the Defendants in their official capacities do not survive initial review and will be dismissed with prejudice.

**B.     Deliberate Indifference to a Serious Medical Need**

The Plaintiff claims that the John Doe sergeant placed him in the general population when the Plaintiff returned to Alexander CI following "major surgery for life threatening blood clots," even though the Plaintiff told Doe that he "had to have a bottom tier cell due to [his] physical conditions and lower extremities ailments." [Doc. 1 at 5].

Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). "A serious psychological impairment can qualify as [a serious] medical need." Buffington v. Baltimore Cnty., Md., 913 F.2d 113, 120 (4th Cir. 1990). To state a claim under the Eighth Amendment, a plaintiff must show a "deliberate indifference to serious medical needs" of the inmate. Id. "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." Young v. City of Mt. Ranier, 238 F.3d 567, 575-76 (4th Cir. 2001) (citations omitted). "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). To establish a deliberate indifference claim against non-medical personnel, a prisoner must show that the non-medical personnel failed to promptly provide needed medical treatment, deliberately interfered with prison doctors' treatment, or tacitly authorized or were indifferent to prison physicians' misconduct. Miltier, 896 F.2d at 854.

5

Moreover, because most prison officials are not trained medical personnel, they are entitled to rely on the opinions, judgment, and expertise of medical personnel concerning the course of treatment that the medical personnel deem necessary and appropriate for the prisoner. Id.

Taking the Plaintiff's allegations as true for the purposes of initial review and drawing all reasonable inferences in his favor, the Plaintiff has minimally stated a claim that the John Doe sergeant was deliberately indifferent to a serious medical need, and this claim has passed initial review.

### C. Failure to Protect

The Plaintiff claims that the John Doe sergeant "had knowledge of threats on [Plaintiff's] life in another block on the unit," yet he transferred the Plaintiff to that block while knowing that the Plaintiff's "life was in danger." [Doc. 1 at 5]. The Plaintiff was attacked by an inmate the following morning and Defendant Hernandez called a Code 4 for staff to come break up the fight. [Id. at 6]. No staff responded, including Defendant Herald who was "on the unit" and had an office 70 feet away from the incident. [Id. at 6]. Five minutes later, the Plaintiff was stabbed by a different inmate and Defendant Hernandez called a second Code 4. [Id.]. Defendant Herald responded and the Plaintiff was transported to the hospital for injuries including stab wounds and blunt force trauma. [Id.].

6

The Eighth Amendment imposes on prison officials a duty to "protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994) (internal quotations omitted). To obtain relief under § 1983 on a claim of failure to protect, an inmate must show: (1) "serious or significant physical or emotional injury" resulting from that failure; and (2) the prison officials had a "sufficiently culpable state of mind," which in this context is deliberate indifference. Id. at 834. A prison official is "deliberately indifferent to a substantial risk of harm to a [prisoner] when that [official] 'knows and disregards' the risk." Parrish ex rel. Lee v. Cleveland, 372 F.3d 294, 302 (4th Cir. 2004) (quoting Farmer, 511 U.S. at 837). A showing of negligence does not rise to the level of deliberate indifference. Davidson v. Cannon, 474 U.S. 344, 347-48 (1986).

Taking the Plaintiff's allegations as true for the purposes of initial review and drawing all reasonable inferences in his favor, the Plaintiff has minimally stated a claim that the John Doe sergeant was deliberately indifferent to a serious risk of danger from other inmates. However, he has failed to state a claim against Defendants Hernandez and Herald. The Plaintiff fails to explain how Defendant Hernandez was deliberately indifferent by making two Code 4 calls for assistance. Further, he has failed to plausibly allege that Defendant Herald's failure to respond to the first Code

7

4 call was due to deliberate indifference, rather than unavailability or negligence. Additionally, the Plaintiff fails to explain how Herald's response to the second Code 4 call was inadequate in any way. Accordingly, the claim for failure to protect will proceed against the John Doe sergeant, and is dismissed without prejudice as to Defendants Hernandez and Herald.

## D. Retaliation

The Plaintiff appears to claim that the John Doe sergeant moved him to a dangerous cell block in retaliation for the Plaintiff's request for a bottom tier cell, which made him "mad." [Doc. 1 at 5].

The First Amendment right to free speech "includes not only the affirmative right to speak, but also the right to be free from retaliation by a public official for exercising that right." Suarez Corp. v. McGraw, 202 F.3d 676 (4th Cir. 2000). Prison officials may not retaliate against an inmate for exercising a constitutional right. See Hudspeth v. Figgins, 584 F.2d 1345, 1347 (4th Cir. 1978). In order to state a colorable retaliation claim under § 1983, a plaintiff must allege: "(1) he engaged in protected First Amendment activity, (2) the defendant took some action that adversely affected his First Amendment rights, and (3) there was a causal relationship between his protected activity and the defendant's conduct." Martin v. Duffy, 977 F.3d 294, 299 (4th Cir. 2020) (citation omitted). Once the prisoner-plaintiff shows

that his "protected conduct was a substantial motivating factor in a prison guard's decision to take adverse action," the burden then shifts to the defendant to prove a permissible basis for taking that action. Id. at 300. Bare or conclusory assertions of retaliation are insufficient to establish a retaliation claim. Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994). In the prison context, retaliation claims are treated with skepticism because "[e]very act of discipline by prison officials is by definition 'retaliatory' in the sense that it responds directly to prisoner misconduct." Id.

Taking the allegations as true for the purposes of initial review, and construing the inferences in Plaintiff's favor, the Court concludes that the Plaintiff has stated a retaliation claim against the John Doe sergeant that is sufficient to pass initial review.

### E. Due Process

The Plaintiff claims that he was charged with disciplinary infractions as a result of the assault incident, which Defendant Morrison was assigned to investigate. [Doc. 1 at 6]. The Plaintiff claims that Defendant Morrison failed to interview the Plaintiff or allow him to write a statement, and failed to gather witness statements on the Plaintiff's behalf. [Id.]. The Plaintiff claims that he was placed on "punitive segregation" for 180 days as a result of Defendant

Morrison's actions, which caused mental and emotional distress, anxiety, and psychological trauma. [Id. at 6-7].

To prevail on a procedural due process claim, an inmate must first demonstrate that he was deprived of "life, liberty, or property" by governmental action. Bevrati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997). Constitutional due process protections extend to prison disciplinary proceedings that could adversely impact an inmate's liberty interests, such as the loss of good time credits. Lennear v. Wilson, 937 F.3d 257, 268 (4th Cir. 2019) (citing Wolff v. McDonnell, 418 U.S. 539, 555 (1974)); see also Sandin v. Conner, 515 U.S. 472, 484 (1995) (when punishment does not exceed the original sentence, protected interests are generally limited to freedom from restraint that imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life). An inmate charged with a disciplinary violation implicating a protected liberty interest must receive: (1) written notice of a claimed violation at least 24 hours before any disciplinary hearing; (2) an opportunity to call witnesses and present evidence at the disciplinary hearing, unless doing so would be unduly hazardous to institutional safety or correctional goals; and (3) a written statement describing the evidence relied upon by the factfinder and the

reasons for the disciplinary action taken.  See Dilworth v. Adams, 841 F.3d 246, 253 (4th Cir. 2016) (citing Wolff, 418 U.S. at 563).

Taking the allegations as true for the purposes of initial review, and construing the inferences in Plaintiff's favor, the Court concludes that the Plaintiff has stated a due process claim against Defendant Morrison.

### F.     Temporary Restraining Order

Finally, the Plaintiff has filed a Motion seeking a temporary restraining order or preliminary injunctive relief.  [Doc. 10]. The Plaintiff asks to be transferred to a prison outside the Western District of North Carolina "to preserve [his] health for [he] fear[s] retaliation and the tactics and use of force has already been exemplified by Alexander's staff members."  [Id. at 1].

Preliminary injunctive relief is an extraordinary remedy afforded before trial at the discretion of the district court.  In re Microsoft Corp. Antitrust Litig., 333 F.3d 517, 524-26 (4th Cir. 2003).  It is an extraordinary remedy never awarded as of right.  Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008).  In each case, courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief."  Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 542 (1987).  To obtain a preliminary injunction, the plaintiff must establish (1) that he is likely to succeed on the merits; (2) that he is likely to suffer

11

irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Winter, 555 U.S. at 20. The Plaintiff has not established any of the elements that would warrant preliminary injunctive relief. Moreover, the Motion appears to be moot insofar as the Plaintiff is presently located at the Central Prison in Raleigh. Therefore, his Motion is denied.

**IV. CONCLUSION**

In sum, the Complaint has passed initial review against the John Doe sergeant for deliberate indifference to a serious medical need, failure to protect, and retaliation; and against Defendant Morrison for a due process violation. The claims asserted on behalf of others, and the claims for damages against the Defendants in their official capacities are dismissed with prejudice, and the remaining claims are dismissed without prejudice. The Motion for a temporary restraining order or preliminary injunctive relief is denied.

The Court will allow the Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to correct the deficiencies identified in this Order and to otherwise properly state a claim upon which relief can be granted. Any Amended Complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will

not be permitted.  Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the matter will proceed only on the claims described in this Order.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint has passed initial review against the John Doe sergeant for deliberate indifference to a serious medical need, failure to protect, and retaliation; and against Defendant Morrison for a due process violation.

2. The claims asserted on behalf of others, and the claims for damages against the Defendants in their official capacities are **DISMISSED WITH PREJUDICE.**

3. The remaining claims are **DISMISSED WITHOUT PREJUDICE**.

4. The Plaintiff shall have thirty (30) days in which to amend the Complaint in accordance with the terms of this Order.  If the Plaintiff fails to so amend his Complaint, the matter will proceed only on the claims as provided in this Order.

5. The Plaintiff's Motion for Preliminary Injunction and Motion for Temporary Restraining Order [Doc. 10] is **DENIED**.

The Clerk of Court is respectfully instructed to mail the Plaintiff a blank § 1983 prisoner complaint form, an Opt-In/ Opt-Out form pursuant to the Standing Order in Misc. Case No. 3:19-mc-00060-FDW, and a copy of this Order.

**IT IS SO ORDERED.**

Signed: September 6, 2022

Martin Reidinger
Chief United States District Judge