# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL CASE NO. 5:22-cv-00091-MR

| | | |
|---|---|---|
| RODNEY LAMONT GREENFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| FNU HERNANDEZ, et al., | ) | <u>ORDER</u> |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court *sua sponte* for a review of the docket and on the Plaintiff's Motion for Preliminary Injunction and Motion for Temporary Restraining Order [Doc. 14].

The pro se Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983, addressing incidents that allegedly occurred at the Alexander Correctional Institution.[1] [Doc. 1]. On September 6, 2022, the Complaint passed initial review on claims of deliberate indifference to a serious medical need, failure to protect, retaliation, and a due process violation. [Doc. 11]. The Plaintiff was granted 30 days to amend the Complaint. He was informed

_____

[1] The Plaintiff was incarcerated at the North Carolina Central Prison at the time that the Complaint was reviewed for frivolity.

that, if he failed to do so, the matter would proceed solely on the claims identified in the Order on initial review.  [Id.].

The time to amend has expired, and no Amended Complaint has been filed.  Therefore, the matter will proceed solely on the claims identified in the Order on initial review.  The Court's Local Rule 4.3 sets forth the procedure to waive service of process for current or former employees of the North Carolina Department of Public Safety (NCDPS) in actions filed by North Carolina State prisoners.  In light of the Court's determination that this case passes initial review, the Court will order the Clerk of Court to commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendants Morrison and the John Doe sergeant, who are alleged to be current or former employees of NCDPS.

The Plaintiff previously sought a temporary restraining order to be transferred away from Alexander CI.  [Docs. 10].  The Court denied the Motion in the Order on initial review because the Plaintiff did not establish any of the elements that would warrant preliminary injunctive relief.  [Doc. 11 at 11-12].  The Court also noted that the Motion appeared to be moot insofar as the Plaintiff was then located at the Central Prison in Raleigh.  [Id.].

In his present Motion seeking preliminary injunctive relief, the Plaintiff again asks to be transferred to a prison outside of the Western District of

2

North Carolina "to preserve [his] health for [he] fear[s] retaliation and the tactics and use of force has already been exemplified by Alexander's staff members." [Doc. 14 at 2; <u>see</u> Doc. 10 at 1 (same)]. He claims that he went on a hunger strike following the incidents addressed in the Complaint and was sent to the Central Prison for 45 days; that he was charged with two false disciplinary infractions at Alexander CI that were dismissed at Central Prison "as a result of false statements made by the officers against Plaintiff"; that he broke the hunger strike and was returned to Alexander CI; that "staff" at Alexander CI search cells "in [an] attempt to discard [Plaintiff's] evidence; and that he fears that Alexander CI staff will further retaliate against him and use force. [Doc. 14 at 2].

Although the Plaintiff has now been transferred back to Alexander CI, he has still failed to establish the elements that would warrant preliminary injunctive relief as discussed in the Order on initial review. [Doc. 11 at 11-12]. Accordingly, the present Motion is denied.

**IT IS, THEREFORE, ORDERED** that:

1. The Clerk shall commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendants Morrison and the John Doe sergeant, who are alleged to be current or former employees of NCDPS.

2. The Plaintiff's Motion for Preliminary Injunction and Motion for

Temporary Restraining Order [Doc. 14] is **DENIED**.

**IT IS SO ORDERED.**

Signed: October 27, 2022

Martin Reidinger
Chief United States District Judge